FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 17 PM 2: 22

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HOUMA DIVISION

| | | |
|---|---|---|
| **BROWNELL LAND COMPANY** | : | CIVIL ACTION NO. 05,322 |
| Plaintiff, | : | SECTION "I" (3) |
| VS. | : | JUDGE AFRICK |
| APACHE CORPORATION AND THE DOW CHEMICAL COMPANY | : | MAGISTRATE KNOWLES |
| Defendants. | : | |

## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS FILED ON BEHALF OF THE DOW CHEMICAL COMPANY

**NOW INTO COURT**, through undersigned counsel, comes The Dow Chemical Company, who moves this Court, pursuant to Fed. R. Civ. Pro. 12(c), to dismiss plaintiff's claims for punitive damages, to wit:

1.

Plaintiff's complaint seeks recovery for punitive damages but it fails to allege sufficient facts to support such a claim, and fails to state any claim upon which relief can be granted.

2.

Co-defendant, Apache Corporation, has previously filed a similar motion, which Dow adopts herein by reference, including the arguments advanced by Apache in its memorandum in support.

3.

The Court has previously ruled that plaintiff's allegations fail to state a claim upon which relief can be granted and, accordingly, dismissed plaintiff's claims for punitive damages against Apache in its Ruling dated October 6, 2005.

4.

The Court's rationale in dismissing plaintiff's claims for punitive damages in connection with Apache's Motion to Dismiss is equally applicable to Dow. Dow moves for dismissal of plaintiff's claims for punitive damages.

**WHEREFORE**, The Dow Chemical Company, prays that plaintiff's claims for punitive damages filed herein be dismissed pursuant to Fed. R. Civ. Pro. 12(c).

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

By _____
John Michael Parker (#10321)
David M. Bienvenu (#20700)
Kathleen Gendusa (#28835)
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Phone: 225-387-3221
Fax: 225-346-8049

F. Barry Marionneaux (#09277)
23615 Railroad Avenue
Plaquemine, LA 70764

*Attorneys for The Dow Chemical Company*

## - CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to

Patricia E. Weeks
John P. Gonzalez
1111 Bay Avenue, 3rd Floor
Columbus, GA  31901

Donald T. Carmouche
Post Office Box 759
Gonzales, LA  70707-0759

John M. McCollam
Aimee Williams Hebert
201 St. Charles Ave., 40th Floor
New Orleans, LA  70170-4000

Baton Rouge, Louisiana, the 7th day of November, 2005.

_____
John Michael Parker

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HOUMA DIVISION

| | |
|---|---|
| **BROWNELL LAND COMPANY** | : CIVIL ACTION NO. 05,322 |
| Plaintiff, | : SECTION "I" (3) |
| VS. | : JUDGE AFRICK |
| **APACHE CORPORATION AND THE DOW CHEMICAL COMPANY** | : MAGISTRATE KNOWLES |
| Defendants. | : |

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS FILED ON BEHALF OF THE DOW CHEMICAL COMPANY

**MAY IT PLEASE THE COURT:**

The Dow Chemical Company (hereinafter "Dow"), a defendant herein, submits this memorandum in support of its Motion for Partial Judgment on the Pleadings.

**I.    Brief Procedural Posture**

Plaintiff brought this action on or about November 10, 2004, in the State of Louisiana's Twenty-third Judicial District Court, Parish of Assumption. After being removed to this Court, Dow answered and all parties proceeded with motion practice and discovery, which included a motion to dismiss filed by co-defendant Apache, pursuant to Fed. R. Civ. Pro. 12(b)(6).

On October 6, 2005, this Court ordered the punitive damage claim against Apache be dismissed. The Court held that plaintiff's complaint is fatally flawed because it fails to allege sufficient facts to support a claim for punitive damages. This Court ruled "[p]laintiff's complaint does not specify the dates of the alleged contamination," and is deficient in various other respects. As such, plaintiff's claim for punitive damages, as to Apache, was dismissed.

## II. Law and Argument

### A. Motion for Judgment on the Pleadings

Dow moves for dismissal of plaintiff's punitive damage against it based on the same rationale employed by the Court in its October 6, 2005 ruling, albeit via a different procedural vehicle. Having filed an answer in the pending matter, Dow moves for a judgment on the pleadings pursuant to Fed. R. Civ. Pro. 12(c).

Motions filed pursuant to Fed. R. Civ. Pro. 12(c) may be filed after the pleadings are closed, and will be treated as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted. ***Jones v. M.L. Greninger***, 188 F.3d 322 (5th Cir. 1999). "The Court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." ***Id. citing Fee v. Herndon***, 900 F.2d 804, 807 (5th Cir. 1990). Though the well pleaded facts are accepted as true and viewed in a light most favorable to the plaintiff, the issue is whether the plaintiff is entitled to offer evidence to support the claim. ***Id. citing Doe v. Hillsboro Independent School Dist.***, 81 F.3d 1395, 1401 (5th Cir. 1996).

The difference between Apache's motion to dismiss under Rule 12(b)(6) and Dow's motion for judgment on the pleadings under Rule 12(c) is a difference in name alone; the same standard applies to motions made under either subsection. 2 *Moore's Federal Practice*, §12.38 (Matthew Bender 3d Ed.) Most of the case law pertaining to Rule 12(b)(6) applies to Rule 12(c). ***Id.*** In considering the instant matter, the Court need not look any further than its own ruling on the Apache motion to dismiss to determine the propriety of Dow's motion.

**B.     Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages.**

As the Court is aware, the pertinent substantive law placed at issue is La. Civ. C. art. 2315.3, as it existed between 1984 and 1996. "In order to successfully plead a claim for punitive damages under this section, however, a party 'must plead facts which establish their cause of action during the effective period of article 2315.3." *See* Order and Reasons, issued October 6, 2005, *quoting* **In re Harvey Term Litig.**, 872 So.2d 584, 586 (La. App. 4 2004). This Court found "[t]he plaintiff's complaint does not specify the dates of the alleged contamination," as well as an absence of facts pertaining to plaintiff's ownership of the property or defendants' leases, and no dates suggesting any alleged contamination during the effective period of art. 2315.3. This Court appropriately held that plaintiffs have not met the requisites for pleading a punitive damages claim. Based upon the Court's own analysis, Dow's motion for partial judgment on the pleadings is properly founded, and should be granted.

**III.    Conclusion**

Considering the foregoing law and argument, as well as the Court's Order of October 6, 2005, Dow's motion for partial judgment on the pleadings should be granted, and plaintiff's claim for punitive damages dismissed.

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

By_____
John Michael Parker (#10321)
David M. Bienvenu (#20700)
Kathleen Gendusa (#28835)
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA  70821
Phone: 225-387-3221
Fax: 225-346-8049

F. Barry Marionneaux (#09277)
23615 Railroad Avenue
Plaquemine, LA 70764

*Attorneys for The Dow Chemical Company*

## - CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to

Patricia E. Weeks
John P. Gonzalez
1111 Bay Avenue, 3rd Floor
Columbus, GA 31901

Donald T. Carmouche
Post Office Box 759
Gonzales, LA 70707-0759

John M. McCollam
Aimee Williams Hebert
201 St. Charles Ave., 40th Floor
New Orleans, LA 70170-4000

Baton Rouge, Louisiana, the 7th day of November, 2005.

_____
John Michael Parker

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HOUMA DIVISION

| | | |
|---|---|---|
| **BROWNELL LAND COMPANY** | : | **CIVIL ACTION NO. 05,322** |
| Plaintiff, | : | **SECTION "I" (3)** |
| VS. | : | **JUDGE AFRICK** |
| **APACHE CORPORATION AND THE DOW CHEMICAL COMPANY** | : | **MAGISTRATE KNOWLES** |
| Defendants. | : | |

### NOTICE OF HEARING

NOTICE IS HEREBY GIVEN that a hearing on The Dow Chemical Company's Motion for Partial Judgment on the Pleadings will be heard before the Honorable Judge Lance M. Africk, U.S. Courthouse, Eastern District, C151 Hale Boggs Federal Building, New Orleans, Louisiana 70130, at 9:00 o'clock A.M. on December 7, 2005.

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

By _____
John Michael Parker (#10321)
David M. Bienvenu (#20700)
Kathleen Gendusa (#28835)
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Phone: 225-387-3221
Fax: 225-346-8049

F. Barry Marionneaux (#09277)
23615 Railroad Avenue
Plaquemine, LA 70764
*Attorneys for The Dow Chemical Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certify that true and correct copies of the foregoing were served on the date set forth below via First Class Mail, U.S. postage prepaid, on the following counsel and parties:

Patricia E. Weeks
John P. Gonzalez
1111 Bay Avenue, 3rd Floor
Columbus, GA  31901

Donald T. Carmouche
Post Office Box 759
Gonzales, LA  70707-0759

John M. McCollam
Aimee Williams Hebert
201 St. Charles Ave., 40th Floor
New Orleans, LA  70170-4000

Baton Rouge, Louisiana, the 7th of November, 2005.

John Michael Parker

339928v.1